For meaning of Abreviations, See Ternary Digest, page XII.

---

### No. 605

### SYLVANIA PRODUCING CO. v. YOST AND GORDON, Partners

### No. 19854. Supreme Court

On motion to certify. Dock. June 29, 1926.

**707. LEASES**—Where an oil and gas lease provides for the payment of a certain sum for each gas well from which gas is marketed, does this provision include casing head gas taken from an oil well?

This action was brought originally in the Monroe Common Pleas by M. Yost anl W. Gordon partners against Sylvania Producing Company for the payment of money under the terms of a lease.

It appears that Yost and Gordon owned an undivided one-fourth interest in royalty received under an oil and gas lease on a certain farm. The Sylvania Producing Company was the owner of the lease given by one Lindewood to R. R. Denbow. The Company by means of suction lines connected several oil wells and thereby piped the casing head gas to a certain plant for the manufacture of gasoline.

The lease provided in part as follows:

"The lessee to deliver to the lessor in pipe line, the one eighth of all petroleum produced from said premises, and to pay $200 per annum for each gas well from which the gas is marketed or sold - - - payable quarterly" etc.

In this action the partners contend they are entitled to one-fourth of the rental provided in the lease for gas from each gas well.

The judgment of the Common Pleas in favor of the company was reversed by the Appeals upon the ground that the trial court committed error in its charge, a part of which is as follows:

"If you find from a preponderance of the evidence that there was a gas well or gas wells on the lease described, and that defendant marketed and sold the gas therefrom to parties not intended in this lease, then your verdict should be for the plaintiffs. That they recover from the defendant, their share of $200 per year and each and every gas well from which the gas was so marketed or sold."

The Company in the Supreme Court contends:

1. That under the terms of the lease it was to pay for gas taken from gas wells only and that casing head gas taken from oil wells was not included in the lease.

2. That the charge of the trial court was not erroneous.

**Attorneys**—Moore, Devaul & Moore, Woodsfield, for Pltf.

---

### No. 606

### RICE et v. VILLAGE (Holloway)

### No. 19879. Supreme Court

On motion to certify. Dock. June 9, 1926.

**167. BONDS**—Where a road contractor has given a maintenance bond to a Municipal Corporation wherein it is provided that the village may "use this undertaking for the purpose of reimbursing itself for any reasonable expense incurred - - -", must an actual expenditure be made by the village before it may be "reimbursed" by virtue of the bond?

This action was brought originally in the Belmont Common Pleas by the village of Holloway against Charles H. Rice and the sureties on a bond which he had executed for an amount sufficient to repair a road in accordance with a certain contract let to Rice.

The bond contained the following provision among others:

"The said village of Holloway may rely upon and use this undertaking for the purpose of reimbursing itself for any reasonable expense incurred or loss sustained arising because of any defect or defects in said improvement - - - -".

The Common Pleas sustained a demurrer to the petition on the ground that facts were not stated to show a cause of action which judgment was reversed by the Appeals.

Rice in the Supreme Court contends:

1. That the demurrer should be sustained because the village must actually expend money on repairs before a "reimbursement" could be made.

**Attorneys**—Walker & McKelvey, St. Clairville, for Pltf.; Thornburg & Louis, St. Clairville, for Deft.